IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 37301-1-III |
| TIMOTHY KYLLO, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| AMANDA KYLLO, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Timothy Kyllo filed a petition to dissolve his marriage to Amanda Kyllo after a tumultuous ten-year marriage. Ms. Kyllo had one daughter before the marriage from another relationship. Two children were born during the marriage. After a trial on the dissolution, the court concluded that Mr. Kyllo was the de facto parent of the oldest daughter, the presumed parent of the youngest child, and the natural parent of the middle child. The court awarded Mr. Kyllo custody of all three children.

On appeal, Ms. Kyllo only challenges the court's findings and order pertaining to her oldest child, KMK. She contends the court erred by concluding that Mr. Kyllo was

KMK's de facto parent because Mr. Kyllo never filed a de facto parentage petition. She does not raise any issues concerning custody or parentage of the other children. Mr. Kyllo—who is now pro se—did not file a response brief.

FACTS

Timothy and Amanda Kyllo were married in October 2009. Mr. Kyllo filed for dissolution in February 2019, and the couple had been living apart since May 2018. The petition for dissolution listed one child of the marriage and set forth that "[t]he respondent has two children who are my children by Presumed Parent, RCW 26.26.116," KMK, age 10 and KAK, age 4. Mr. Kyllo sought primary custody of all three children.

Ms. Kyllo responded to Mr. Kyllo's petition with evidence that the middle child was Mr. Kyllo's natural child, but the oldest and youngest child were not his children. She produced birth certificates showing that no father was listed for either the oldest or youngest child. In contrast, Mr. Kyllo is listed as the father on the middle child's birth certificate. Mr. Kyllo did not dispute this evidence.

As the trial court noted after hearing evidence at trial, the marriage was extremely dysfunctional and volatile. In declarations and trial testimony, both Mr. and Ms. Kyllo testified to significant dysfunction in their relationship throughout the ten-year marriage. Mr. Kyllo testified about his strong relationship with all three children, and how he had always held all of them out as his children and performed all parenting functions.

2

In her testimony, Ms. Kyllo identified the biological father of her oldest child and indicated that he sees his child infrequently while occasionally providing financial support. Ms. Kyllo has never sought to establish paternity for KMK. She disputed Mr. Kyllo's parenting rights to the oldest and youngest child.

Mr. Kyllo's attorney argued in opening and closing that he was the de facto parent of KMK. He pointed out that no other men have been involved in KMK's life or legally connected to her, and Mr. Kyllo has been present as her father since she was less than a year old. His pleadings do not reference a de facto parentage theory.

The court concluded that Mr. Kyllo satisfied all elements of the de facto parenting statute, RCW 26.26A.440, in regards to KMK and that he is her de facto parent. It also concluded Mr. Kyllo was the presumed father of KAK. It adopted Mr. Kyllo's parenting plan and ordered that all three children be transferred to his custody.

## ANALYSIS

Did the trial court abuse its discretion when it concluded Mr. Kyllo was the de facto parent of KMK?

A trial court's decision concerning child welfare will stand absent an abuse of discretion. *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). A trial court abuses its discretion if it misapplies the law or relies on unsupported facts. *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn.2d 483, 494, 145 P.3d 1196 (2006).

Effective January 1, 2019, the Washington Uniform Parentage Act (WUPA), ch. 26.26A RCW, was updated to provide statutory recognition of de facto parents. "This provision ensures that individuals who form strong parent-child bonds with children with the consent and encouragement of the child's legal parent are not excluded from a determination of parentage simply because they entered the child's life sometime after the child's birth." UNIF. PARENTAGE ACT (2017) § 609 cmt., 98 U.L.A. 81 (2019).

The procedures for commencing a de facto parentage action are set forth in RCW 26.26A.440. Specifically, the statute requires "[a]n individual who claims to be a de facto parent of a child must commence a proceeding to establish parentage of a child under this section." RCW 26.26A.440(2). The initial verified pleading must allege specific facts that support a claim of parentage and it must be served on all parents and legal guardians of the child and any other party to the proceeding. RCW 26.26A.440(3)(a). There must be a preliminary finding of adequate cause. The petitioner bears the burden of proving seven factors at trial before the court may declare the petitioner a de facto parent. RCW 26.26A.440(3)(c), (4).

None of these procedures occurred in this case.

This is not to say that Mr. Kyllo should not be declared a de facto parent. But in order to protect the fundamental rights of parents, the correct procedures must be followed. The failure to do so is an abuse of discretion.

Reverse without prejudice the court's order declaring Mr. Kyllo to be a de facto parent to KMK.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, C.J.